UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALGENON McCALL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES D. HARTLEY, Warden,<br><br>　　　　Respondent. | 1:10-cv–01386-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION, TO DISMISS THE PETITION WITH PREJUDICE AND WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM (Docs. 1, 13), AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY |

**OBJECTIONS DEADLINE: THIRTY (30) DAYS**

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

　　Pending before the Court is a motion to dismiss the petition filed by Respondent on February 8, 2011. On March 14, 2011, in response to the motion to dismiss, Petitioner filed a motion to dismiss his case "without prejudice" based on Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011). Respondent was electronically served with Petitioner's motion but did not file any opposition or other response to it.

1

I. <u>Proceeding pursuant to Respondent's Motion to Dismiss</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).

Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. See, Hillery, 533 F. Supp. at 1194 & n.12.

The material facts pertinent to the motion before the Court are to be found in copies of the official records of state parole and judicial proceedings which have been provided by the parties, and as to which there is no factual dispute. Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Background

In the petition, Petitioner challenges a decision of California's Board of Parole Hearings (BPH) made after a hearing held on August 21, 2008, at which Petitioner appeared. Petitioner claims that the decision to deny his application for parole denied his right to due process of law because there was no evidence to support the finding that Petitioner was in fact a present danger to public safety. He also alleges that the decision contravened state regulations governing the parole decision. (Pet. 5.)

It appears from Petitioner's allegations and the partial transcript of the parole hearing submitted with the petition that Petitioner attended the parole hearing before the board on August 21, 2008 (doc. 13-1, 33-35); spoke to the board about numerous suitability factors (doc. 13-1, 37-73; doc. 13-2, 1-12); and made an extensive statement to the BPH on his own behalf concerning

3

his suitability for parole (doc. 13-2, 21-31).  An appointed attorney appeared with Petitioner.  (Doc. 13-1, 35.)

The transcript of the hearing also reflects that Petitioner was present at the conclusion of the hearing when the BPH explained why it decided that Petitioner was not suitable for parole.  The board relied on the nature of the commitment offense, Petitioner's criminal history and unstable social history, failures on earlier grants of probation and parole, some details in Petitioner's parole plans, and Petitioner's failure to take full responsibility for the crime and to develop insight concerning his offense. (Doc. 13-2, 35-44.)

Petitioner asks this Court to review whether there was some evidence to support the conclusion that Petitioner was unsuitable for parole because he posed a current threat of danger to the public if released.  (Pet. 5.)  Petitioner contends that because there was an absence of some evidence to support the BPH's decision, the state courts' decisions upholding the denial of parole were unreasonable applications of clearly established federal law, and his right to due process of law was violated. (Id. at 5.)  Petitioner also alleges that he is entitled to relief because the Board failed to follow its own regulations. (Pet. 5.)

III.   Failure to State a Cognizable Claim

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.

4

Swarthout v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners. (Citation omitted.)
> When however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal. In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

5

1  and to contest the evidence against them, were afforded
2  access to their records in advance, and were notified
    as to the reasons why parole was denied....

3  That should have been the beginning and the end of
   the federal habeas courts' inquiry into whether
4  [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at 862-63.

Here, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state regulatory law concerning the determination of suitability for parole. To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without

6

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is clear from the allegations in the petition and the related documentation that Petitioner attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decision of the BPH. Because it appears from the face of the petition that Petitioner received all process that was due, Petitioner cannot state a tenable due process claim.

Accordingly, it will be recommended that the petition be dismissed without leave to amend.

IV.  Request for Dismissal without Prejudice

In response to Respondent's motion to dismiss, Petitioner requested a dismissal without prejudice based on the Swarthout decision.

The Court is not inclined to dismiss the petition without prejudice at this juncture. By the time Petitioner requested dismissal without prejudice, the Court had undertaken a preliminary review of the petition and had directed the Respondent to respond to the petition. Further, the question of whether or not the facts stated in the petition entitled petitioner to habeas relief had been brought before the Court in a motion to dismiss appropriately filed by Respondent in response to the Court's order to respond to the petition and in light of intervening Supreme Court authority concerning the cognizability of claims such as Petitioner's.

A court has inherent power to control its docket and the

7

disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). If this petition were dismissed without prejudice before the Court were to consider whether Petitioner's claims are even cognizable in a proceeding pursuant to § 2254, then it is theoretically possible that Petitioner could file another petition with the same allegations, and all the effort of the Court and the parties heretofore expended in this proceeding would be wasted.

The Court therefore declines to grant Petitioner's request concerning a dismissal without prejudice, but the Court does consider Petitioner's request for dismissal on the basis of Swarthout as an indication of Petitioner's absence of opposition to the motion to dismiss.

Further, the Court's determination that Petitioner's factual allegations did not entitle Petitioner to habeas relief has the attributes of a dismissal with prejudice. A dismissal with prejudice is generally appropriate where it has been determined that leave to amend should not be granted because of the futility of amendment. See, Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). The Court's decision includes a determination that because Petitioner received all the process that was due, Petitioner could not possibly plead a tenable due process claim. Thus, leave to amend is not warranted because of futility. In addition, the Court's order disposed of all the issues before the Court raised by the motion to dismiss or by Petitioner's petition and the submitted documentation of

the parole proceedings.

Accordingly, it will be recommended that the motion to dismiss be granted, and that the petition be dismissed with prejudice for failure to state facts entitling Petitioner to habeas relief pursuant to 28 U.S.C. § 2254.

V.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among

9

jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED without leave to amend and with prejudice because Petitioner has failed to state a claim that is cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the action because dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 3, 2011**                         /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE